Slip Op. 19-52

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| POSCO, <br><br>　　Plaintiff, <br><br>and <br><br>NUCOR CORPORATION, <br><br>　　Consolidated Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>　　Defendant, <br><br>and <br><br>STEEL DYNAMICS, INC., AK STEEL CORPORATION, ARCELORMITTAL USA LLC, UNITED STATES STEEL CORPORATION, HYUNDAI STEEL COMPANY, and GOVERNMENT OF KOREA, <br><br>　　Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 16-00227 |

**OPINION**

[Sustaining the U.S. Department of Commerce's remand redetermination following a countervailing duty investigation of certain hot-rolled steel flat products from the Republic of Korea.]

Dated: May 1, 2019

Donald B. Cameron, Julie C. Mendoza, R. Will Planert, Brady W. Mills, Mary S. Hodgins, and Eugene Degnan, Morris, Manning & Martin LLP, of Washington, D.C., for Plaintiff POSCO and Defendant-Intervenors Hyundai Steel Company and the Government of Korea. Sabahat Chaudhary also appeared.

Alan H. Price, Christopher B. Weld, and Adam M. Teslik, Wiley Rein LLP, of Washington, D.C., for Consolidated Plaintiff and Defendant-Intervenor Nucor Corporation. Cynthia C. Galvez, Derick G. Holt, Laura El-Sabaawi, Maureen E. Thorson, Stephanie M. Bell, Tessa V. Capeloto, Timothy C. Brightbill, and Usha Neelakantan also appeared.

Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant United States. With her on the brief were Joseph H. Hunt, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel was Emma T. Hunter, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Melissa M. Brewer, Kathleen W. Cannon, Paul C. Rosenthal, R. Alan Luberda, and Scott M. Wise, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenor ArcelorMittal USA LLC.

Daniel L. Schneiderman and Stephen A. Jones, King & Spalding, LLP, of Washington, D.C., for Defendant-Intervenor AK Steel Corporation.

Roger B. Schagrin, Christopher T. Cloutier, Elizabeth J. Drake, and Paul W. Jameson, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Steel Dynamics, Inc.

Thomas M. Beline and Sarah E. Shulman, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

     Choe-Groves, Judge: This case reviews the U.S. Department of Commerce's ("Commerce") methodology when selecting the highest calculated rate after applying facts otherwise available with an adverse inference ("adverse facts available" or "AFA") and Commerce's corroboration of those rates. Plaintiff POSCO ("POSCO") and Consolidated Plaintiff Nucor Corporation ("Nucor") initiated this action contesting various aspects of the final determination in a countervailing duty investigation, in which Commerce found that countervailable subsidies are being provided to producers and exporters of certain hot-rolled steel flat products from the Republic of Korea ("Korea"). See Countervailing Duty Investigation of Certain Hot-Rolled Steel Flat Products From the Republic of Korea, 81 Fed. Reg. 53,439 (Dep't Commerce Aug. 12, 2016) (final affirmative determination), as amended, 81 Fed. Reg.

67,960 (Dep't Commerce Oct. 3, 2016) (amended final affirmative countervailing duty determination and countervailing duty order) (collectively, "Final Determination"). Before the court are the Final Results of Redetermination Pursuant to Court Remand, Nov. 13, 2018, ECF No. 100-1 ("Remand Results"), filed by Commerce as directed in the court's prior opinion. See POSCO v. United States, 42 CIT __, 337 F. Supp. 3d 1265 (2018) ("POSCO I"). For the reasons discussed below, the court sustains the Remand Results in full.

## PROCEDURAL HISTORY

The court presumes familiarity with the facts of this case. See POSCO I. The court held that 19 U.S.C. § 1677e(d)(2)[1] requires Commerce to provide its reasoning when selecting the highest calculated AFA rate. Id. at __, 337 F. Supp. 3d at 1278–79. In this case, the two AFA rates applied to POSCO in the Final Determination were the 1.64% rate from Bottom Mount Combination Refrigerator-Freezers From the Republic of Korea, 77 Fed. Reg. 17,410 (Dep't Commerce Mar. 26, 2012) (final affirmative countervailing duty determination) ("Refrigerators From Korea"), and the 1.05% rate from Large Residential Washers From the Republic of Korea, 77 Fed. Reg. 75,975 (Dep't Commerce Dec. 26, 2012) (final affirmative countervailing duty determination) ("Washers From Korea"). The court remanded Commerce's Final Determination with directions for Commerce to explain the basis for its decision. POSCO I, 42 CIT at __, 337 F. Supp. 3d at 1278–79. The court reserved consideration on the issue of corroboration. Id. at 1279.

---

[1] All further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code. All further citations to the U.S. Code are to the 2012 edition, with exceptions. All further citations to 19 U.S.C. § 1677e are to the 2015 version, as amended pursuant to the Trade Preferences Extension Act of 2015, Pub. L. No. 114-27, 129 Stat. 362 (2015). All citations to the Code of Federal Regulations are to the 2015 edition.

Commerce filed its Remand Results on November 13, 2018. See Remand Results. On remand, Commerce continued to find that POSCO failed to act to the best of its ability in the administrative investigation and that the evidence on the record supported applying AFA to POSCO. See id. at 11–14. Because Commerce determined that POSCO failed to disclose certain information, Commerce concluded that "the record does not support the application of an alternative rate to POSCO" and selected the highest calculated AFA rate. Id. at 14.

Although Commerce continued to find that selection of the highest calculated AFA rate was appropriate in this investigation, Commerce reevaluated the reliability of one of the previous rates. See id. at 17–18. Instead of using the 1.64% rate from Refrigerators From Korea, Commerce revised its calculation and selected only the 1.05% rate from Washers From Korea. See id. at 18. In corroborating the 1.05% rate from Washers From Korea, Commerce found that the rate was reliable because it was "a non-*de minimis* rate calculated for a cooperating Korean company in another [countervailing duty] proceeding for a similar program." Id. at 19. As a result, Commerce calculated a revised subsidy rate of 41.57% for POSCO. Id. at 24.

POSCO filed comments on the Remand Results. See Pl. POSCO's Comments U.S. Dep't Commerce's Nov. 13, 2018 Final Redetermination Pursuant Ct. Remand, Dec. 12, 2018, ECF No. 102 ("POSCO's Comments"). Nucor also filed comments on the Remand Results, supporting Commerce's explanation of its selection methodology but contesting the use of the revised 1.05% rate. See Nucor's Comments U.S. Dep't Commerce's Nov. 13, 2018 Final Redetermination Pursuant Remand 1, Dec. 13, 2018, ECF No. 103 ("Nucor's Comments"). Defendant United States filed a reply to the comments and in support of the Remand Results. See Def.'s Resp. Comments Remand Redetermination, Feb. 13, 2019, ECF No. 109.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i), and 28 U.S.C. § 1581(c).  The court shall hold unlawful any determination, finding, or conclusion found "to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## ANALYSIS

The two issues on remand are Commerce's selection of the highest calculated AFA rate and Commerce's corroboration.

**I.      Selection of the Highest Calculated AFA Rate**

Commerce may apply AFA if a respondent does not cooperate "to the best of [its] ability, regardless of motivation or intent."  Nippon Steel Corp. v. United States, 337 F.3d 1373, 1383 (Fed. Cir. 2003).  Commerce's selection of an AFA rate in a countervailing duty proceeding is a hierarchical methodology, as codified in the Trade Preferences Extension Act of 2015.  See 19 U.S.C. § 1677e(d)(1)(A).  When selecting an AFA rate in a countervailing duty proceeding, Commerce may:

(i)   Use a countervailable subsidy rate applied for the same or similar program in a countervailing duty proceeding involving the same country; or

(ii)  If there is no same or similar program, use a countervailable subsidy rate for a subsidy program from a proceeding that the administering authority considers reasonable to use.

Id.  When choosing an AFA rate under this statutory hierarchy, Commerce may select the highest calculated rate.  Id. § 1677e(d)(2).  Commerce must explain the basis for its selection by

conducting a fact-specific inquiry and providing its reasons for selecting the highest calculated rate.  See id.; see also POSCO I, 42 CIT at __, 337 F. Supp. 3d at 1278.

The court held in POSCO I that Commerce did not explain adequately its selection of the highest calculated rates (1.64% from Refrigerators From Korea and 1.05% from Washers From Korea) when applying AFA to POSCO in the Final Determination.  See POSCO I, 42 CIT at __, 337 F. Supp. 3d at 1278.  On remand, Commerce elaborated on its practice and explained that Commerce interprets 19 U.S.C. § 1677e(d)(2) "as an exception to the selection of an AFA rate" under 19 U.S.C. § 1677e(d)(1).  Remand Results at 11.  Commerce asserts that it is presumed to choose the highest calculated rate available unless Commerce determines, based on "unique and unusual facts on the record," that the highest calculated rate available within that step of its hierarchy is not appropriate.  Id.  Commerce reiterated the factors that led to the application of AFA to POSCO, including POSCO's failure to report information about its affiliated input suppliers, to provide information about its facility located in a free economic zone, and to report certain loans that its affiliated trading company received.  Id. at 11–14.  After re-evaluating the situation that led to the use of AFA, Commerce concluded that "the record does not support the application of an alternative rate to POSCO" and continued to use the highest calculated rate under the statute.  Id. at 14.

POSCO does not believe that Commerce complied fully with the court's decision in POSCO I, but in the interest of a "speedy end to this litigation," defers to the court's discretion and refrains from commenting further.  POSCO's Comments 2.  POSCO does not articulate any specific grounds for challenging Commerce's alleged noncompliance with the court's decision.  It is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived.  United States v. Great Am. Ins. Co. of N.Y., 738 F.3d 1320, 1328 (Fed.

Cir. 2013); see also JBF RAK LLC v. United States, 38 CIT __, __, 991 F. Supp. 2d 1343, 1356 (2014), aff'd, 790 F.3d 1358 (Fed. Cir. 2015). Because POSCO fails to put forth substantive arguments for the court to weigh, it has waived its ability to contest Commerce's alleged noncompliance.

POSCO failed to raise any substantive issues with the Remand Results in the administrative proceedings before Commerce. See Remand Results at 21 (noting the lack of substantive comments from POSCO on the draft remand results). Notably, POSCO did not challenge Commerce's assertion that the agency may choose the highest calculated rate available by default unless Commerce determines, based on "unique and unusual facts on the record," that the highest calculated rate available is not appropriate. The court questions the validity of Commerce's position on this issue, but because POSCO did not exhaust its administrative remedies, the court will not examine this aspect of the Remand Results at this time. See 28 U.S.C. § 2637(d) (providing that this Court shall, where appropriate, require the exhaustion of administrative remedies); Boomerang Tube LLC v. United States, 856 F.3d 908, 912 (Fed. Cir. 2017) (explaining that, absent a strong contrary reason, parties should exhaust their remedies before the pertinent administrative agencies). The court sustains the Remand Results on the issue of Commerce's selection of the highest calculated AFA rate.

## II.     Corroboration

When relying on secondary information to select an AFA rate, Commerce has a statutory duty to corroborate the selected rate to the extent practicable. 19 U.S.C. § 1677e(c)(1). Secondary information includes information derived from the petition, a final determination in a countervailing duty investigation or antidumping investigation, or any other previous administrative review permitted under the statute. 19 C.F.R. § 351.308(c)(1). When Commerce

corroborates secondary information, the threshold inquiry is whether the "secondary information to be used has probative value." Id. § 351.308(d). Commerce demonstrates probative value by showing that the selected rate is both reliable and relevant. See Özdemir Boru San. ve Tic. Ltd. Sti. v. United States, 41 CIT __, __, 273 F. Supp. 3d 1225, 1247 (2017) (citing Ad Hoc Shrimp Trade Action Comm. v. United States, 802 F.3d 1339, 1354 (Fed. Cir. 2015)).

Commerce selected and applied two AFA rates from previous countervailing duty investigations in the Final Determination: 1.64% from Refrigerators From Korea and 1.05% from Washers From Korea. See POSCO I, 42 CIT at __, 337 F. Supp. 3d at 1272. On remand, Commerce reconsidered the two AFA rates. Commerce found that the 1.64% rate was no longer reliable, in part due to a separate proceeding before this Court that addressed Commerce's use of the 1.64% rate for AFA purposes. See Remand Results at 17–18. Commerce decided to apply only the 1.05% rate in this investigation. See id. at 18. Commerce conducted a corroboration analysis for the 1.05% rate and explained that it found "[a]ctual rates based on actual usage by Korean companies" to be "reliable where they have been calculated in the context of an administrative proceeding." Id. at 19. Commerce prefers to "assign AFA rates that are the same in terms of the type of benefit," because those rates are relevant to the respondent, which means "that it is an actual calculated [countervailing duty] rate for a Korea program from which the companies could actually receive a benefit." Id. Commerce found that the 1.05% rate was reliable because it was "a non-*de minimis* rate calculated for a cooperating Korean company in another [countervailing duty] proceeding for a similar program." Id. Commerce provided a sufficient explanation for its corroboration of the selected AFA rate of 1.05% based on Washers From Korea. The court concludes that Commerce's corroboration is supported by substantial evidence.

Nucor argues that Commerce's decision to modify and corroborate the selected AFA rate as applied to POSCO exceeds the scope of the court's remand order. See Nucor's Comments 3. The court ordered Commerce to "select and properly justify the AFA rates applied to POSCO" consistent with its opinion. POSCO I, 42 CIT at __, 337 F. Supp. 3d at 1284. Because the AFA rates were subject to change, the court did not discuss corroboration at the time. See id. at __, 337 F. Supp. 3d at 1279. Commerce's selection and corroboration of the lower 1.05% rate derived from Washers From Korea on remand is reasonable in this case because Commerce articulated that the rate was derived from actual rates based on actual usage. The court ordered Commerce to reexamine its selection of the AFA rates, and Commerce followed its statutory duty under 19 U.S.C. § 1677e(c)(1) when it corroborated the modified rate. The court sustains Commerce's corroboration of the 1.05% rate applied to POSCO as AFA.

## CONCLUSION

For the aforementioned reasons, the court sustains Commerce's Remand Results in full. Judgment will be entered accordingly.

    /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:     May 1, 2019
       New York, New York